UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA



In The Matter Of:

EADAAN, NASEER AKRAM  Civil Action No:

A # 209 151 821

    Petitioner,

    Vs, et al,


US, ATTORNEY GENERAL,

US, ATTORNEY OFFICE, US DISTRICT

COURT SOUTHERN DISTRICT OF FLORIDA,


FLORIDA FIELD OFFICE DIRECTOR, EOR /DHS,


ICE HEADQUARTER CASE MANAGEMENT UNIT, US DHS,


OFFICE AND WARDEN OF IMMIGRATION DETENTION FACILITY,

    RESPONDENTS.

    MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 18, U. S. C. 3006A

Petitioner is a citizen of Iraq, Petitioner is in ICE custody since January 09th 2017, In the United States, but has been ordered removed to Iraq on February 07th 2017 by an

Page2

Immigration Judge. Petitioner's removal order is final and there is no appeal. But Petitioner cannot be removed to Iraq or any other country, Thus, Petitioner Remain indefinitely detained in ICE custody, and has been confined for a period far Longer than the law mandates, Under 8 U. S. C. 1231 (a) (1)-(2), once an alien has Ordered removed, the Attorney General must carry out the removal within a period Of 90 days, during which time the alien shall be detained .The post-removal-period Provision of the same statue, 8 U. S. C. 1231(a) (6), allows for certain aliens to be Detained beyond the removal period, but the Supreme Court explicitly limited this Detention period in Zadvvdas v, Davis 533 U. S. 678(2001) .In that case, the Court Held that 1231(a) (6) restricts an aliens post-removal-period detention to a period Reasonably necessary to bring about that aliens removal, and that it "does not Permit indefinite detention."Zadvvdas, 533 U. S. C. at 689. The Court found that a Presumption exists that an alien may not be held longer than six months: the General rule is that an alien may no longer be confined when there is "no significant Likelihood of removal in the reasonably foreseeable future." Id at 701 .In Clark v, Martinez, the Supreme Court extended this holding to inadmissible aliens. 125 S. Ct.716, 722 (2005),

The question as to whether Petitioners detention is in violation of the laws Of the United States is one for a federal habeas court to hear. 28 U. S. C. 2241. Accordingly Petitioner files the accompanying habeas corpus petition, pursuant to 28 U. S. C. 2241 requesting that this Court order Petitioners release .

Page3

Therefore, Petitioner requests that this Court appoint counsel to represent Petitioner in this habeas action

1. The Court Should Exercise Its Discretion to Appoint Counsel,

Assuming that a Petitioner has shown financial need, a district court may appoint Counsel in a habeas proceeding under 28 U. S. C. 2241 when the "interests of justice So require "18 U. S. C. 3006A (a) (2) (B). Court have often examined three Elements in determining whether appointment of counsel is necessary, the Likelihood of success on the merits, the complexity of the legal issues involved In the case, and the ability of the Petitioner to present the case in light of its Complexity. See, eg, Weygand v, Look .718 F, 2d 952, 954 (9th Cir, 1983) Saldina V, Thornburgh. 775 F Supp, 507, 511, (1), Conn (1991).Petitioner has been held in Custody for 46 months since being ordered removed to Iraq. And removal in the Reasonable future is unlikely because ICE cannot remove Petitioner to Iraq. Under the Supreme Court's decision in Zadvydas .Petitioners continued detention Is presumptively unreasonable .Thus, Petitioner has a high likelihood of success On the merits,

Moreover, Petitioner would encounter great difficulty in presenting this habeas Corpus case alone . The House Report on the predecessor to 3006A (a) (2) (B) Recognized that habeas corpus proceeding often present "serious and complex Issues of law and fact" that would necessitate the assistance of counsel . H.R. Rep. No 1546, 91st Cong 2d Sees, (1970) reprinted in 1970 U. S. C. C. A .N . 3982, 3993 .

In addition, the congressional report on 30006A (2) (B) stated that a court should Appoint counsel when "necessary to insure a fair hearing "Id. The complexity of a Habeas case will pose an especially great obstacle for Petitioner.

In light of the complicated issues involved in habeas cases and Petitioners inability To adequately present the case at bar, as well as Petitioners likelihood of success on The merits, this Court should exercise its discretion to appoint counsel under 18 U. S. C. 3006A (a) (2) (B).

II. Appointment of Counsel Is Necessary Because Discovery Is Imperative

The rules governing habeas proceedings require the appointment of counsel In certain circumstances "Under Rule 6 (a) ,28 U. S. C. foll 2254 , judge must appoint Counsel for a Petitioner if it is "necessary for effective utilization of discovery Procedures ".ICE has information and documents relevant to Petitioners habeas Petition, and without the assistance of counsel, Petitioner will not able to effectively Pursue discovery and as a result, will not adequately present his claims.

The aid of an attorney is especially important in this case, given Petitioners Lake of Familiarity with the legal procedure involved in requesting and obtaining discovery. Moreover, even if Petitioner were to obtain documents in discovery, without the Assistance of counsel, Petitioner would not be capable of analyzing them to Determine his likelihood of being removed in the foreseeable future.

### III. An Evidentiary or Motions Hearing May Be Necessary

Under Rule 8 (C), 28 U. S. C., foll 2254, the court is required to appoint counsel In a habeas proceeding if an evidentiary hearing is needed. An evidentiary hearing Will likely be necessary in this case. Regardless of any other issues, if an evidentiary Hearing is scheduled; the court must appoint counsel for Petitioner.

For the above reason, this Court should appoint counsel to assist Petitioner In instant habeas proceedings challenging Petitioners detention by ICE, pursuant to

The Supreme Court decision in Zadvvdas and Martinez.

### Prayer for Relief

Wherefore, petitioner prays that this honorable court to grant the following relief:

1. Assume jurisdiction over this matter, declaring that petitioner continued Detention is not authorized by the INA and / or violates the Fifth Amendment,

2. Issue a writ of habeas corpus directing Respondent immediately release Petitioner from custody,

3. Order respondents to refrain from transferring the Petitioner out of the Jurisdiction of ICE Middle District during the pendency of these proceedings And while the petitioner remain in Respondents custody,

4. Award Petitioner attorneys fees and costs under the Equal access to Justice Act

Page6

("EAJA"), as amended, 5 U. S. C. 504 and 28 U. S. C. 2412, and on any other basis Justified under law,

5. Grant any other and further relief this court may deem appropriate.

---

The rules cited in sections II and III typically govern those habeas cases brought under 2254. However, these rules may be applied to habeas cases that do not fall under 2254- Such as those cases arising under 2241- at the discretion of the court.

Rule 1 (b) 28 U. S. C. foll 2254.

Declaration Under Penalty Of Perjury

I declare under penalty of perjury that, I am the petitioner, I have read this petition

And the information in this petition is true and correct. I understand that a false

Statement of a material fact may serve as the basis for prosecution for perjury.

Date

12/28/2020

Signature of Petitioner

*Zabaan, Naseer*

*Hebrew*

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
865 SW 78th Ave. Suite 101
Plantation, Florida, 33324



**U.S. Immigration and Customs Enforcement**

Eadaan, Naseer Akram

c/o Immigration and Customs Enforcement
Miami Field Office

A 209 151 821

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file, consideration of the information you submitted to ICE's reviewing officials on Aug 20, 2020 and upon review of the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below, after such review, ICE has determined to maintain your custody because:

☑ You have not demonstrated that, if released, you will not: **(Check only those that apply)**

　　☐ Pose a danger to the community, to the safety of other persons, or to property.

　　☑ Pose a significant risk of flight pending your removal from the United States.

**OR**

☑ ICE is in receipt of or expects to receive the necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest.

ICE has made such determination based upon:


-ICE has a travel document.



Based on the above, you are to remain in ICE custody pending your removal from the United States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been satisfied. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or

**Decision to Continue Detention**

Eadaan, Naseer Akram                A 209 151 821
Page 2

obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

    To assist in the ERO Removal Division custody review, you will be afforded a personal interview. You and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any, will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any.

    You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

    You may submit any additional documentation in English you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time of your interview to the following address:

18201 SW 12th ST Miami, Florida 33194

    Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

    You are required to complete the below information.

I do __✓__ do not __✗__ want a personal interview.

**If you do want an interview, please check the appropriate box(es) below:**

☐    Check this box if you need an interpreter for your interview.
       Language/Dialect: _____

☐    I will be assisted at this interview by a representative of my own choosing.

    Name:_____

**Decision to Continue Detention**

Eadaan, Naseer Akram           A 209 151 821
Page 3

If your representative has not filed a G-28, Notice of Entry of Appearance, on your behalf, you are responsible for notifying any other person you have selected to assist you of the date, time, and location of the interview. The representative must be at least 18 years of age.

You will be sent a separate Notice to Alien of Interview for Review of Custody Status approximately 30 days before the interview is scheduled  If you wish to request additional time to prepare for the interview, you must notify your deportation officer within five business days of receipt of the Notice of Interview. If ERO agrees to postpone the interview at your request, you will be deemed to have waived its completion prior to jurisdiction over your case transferring to the ERO Removal Division.

You will be notified of the decision in your case when the custody review has been concluded by the ERO Removal Division.

JAMES MARTIN
Digitally signed by JAMES MARTIN
Date: 2020.09.10 13:04:53 -04'00'

Michael W. Meade           September 10, 2020
Field Office Director           Date

---

## PROOF OF SERVICE

**(Officer to complete both (a) and (b) below.)**

(a) I __A. Martin_____, __Deportation Officer_____,
          Name of ICE Officer           Title

certify that I served __Eadaan, Naseer Akram_____ with a copy of
          Name of detainee

this document at __Krome SPC_____ on _____, at _____.
          Institution           Date           Time

(b) I certify that I served the custodian _____,
          Name of Official

_____, at _____, on
          Title           Institution

_____ with a copy of this document.
Date

Detainee Signature: _[signature]_____ Date: _9, 17, 2020_

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

## Declaration of Eadaan, Naseer Akram, AKA Arthur, George Phillip

My name is Eadaan, Naseer , I'm born in Iraq ,Bagdad city, I left Iraq on November 2003, I been traveling to more than 40 countries illegally before I came to the U.S. On January 09th 2017, I Arrive Isabella shore, Puerto Rico, in the same day I turn Myself to the police, I spend 4 days and nights in the Caribbean Sea and the Atlantic Ocean before I hit Puerto Rico, from the beginning I didn't tell the U. S. government About my truth identity because I was afraid to go back to Iraq, I identified myself As George Phillip Arthur, On January 19th 2017 I get transfer to Miami FL, Krome North processing service center, On January 24, 25, 2017 I went through an Asylum Process including Credible fare interview, On February 7th 2017, I was in the Immigration Court in the same day the immigration Judge ordered to remove me To Iraq because I can't establish my identity, since that day I was fighting myself To not say who really I'm, because I was not ready to go back to Iraq, I give and do Every thing to win much time I can and hope for the beast,

Until June 2020, I Give up and told the government who really I'm, In June 2020 I meet with the Iraqi government and I request for travel documents, The Iraqi government issued travel documents for me in the end of June 2020. Since June 2020 the U. S. government knows who I'm and where From I'm, I'm not blaming any person for those 4 years in custody, accept myself and I'm taking responsibility for that,  because I choice to come to the U. S. I choice to turn myself to the government in Puerto Rico when I was free man, But now is time for me to go back to Iraq, since June 2020 I have travel documents and I still in custody , nothing is change in my situation

On December 17th 2020 I spoke to my deportation officer and he told me they renew My travel documents but he doesn't know when I will be deported to Iraq.

I'm asking this honorable court to count my detention from June 2020, the day I told the U.S. government about my real identity.

Right now it's get harder for me in custody, I'm tired mentally and fiscally and the Pandemic (covid 19)  make it extremely hard, and in the other hand back to Iraq After 17 years makes me sick.

I pray this honorable Court one thing, and I believe strongly this court can do it:

(1) To get release in the U. S. with legal statutes, that I can start my life her and be Citizen in the future, I believe I deserved a second chance, and I believe also I'm ready To live in the U. S.  I speak and read and write English very well and I know a lot about The U. S.  As politic culture and history, also I speak other five languages, Arabic, Kurdish Farsi, German, Spanish.

Finally I would like to apologize to the U. S.  Government about hide my real identity I was having reason for that my life will be in dangers if I go back to Iraq.

12/28/2020

Fadaah, Naseer

Eadaan, Naseer
A# 209 151 821
Krome Service Processing
Center. 18201 SW Street
Miami, FL. 33194



USMS INSPECTED
By _____

Clerk Of Courts. U.S.
District Court Southern
District Of Florida
400 North Miami, AVE
Miami, Fl. 33128