UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-20046-ALTMAN

EADAAN, NASEER AKRAM
A # 20XXX XXX X21

    Petitioner,

v.

U.S. ATTORNEY GENERAL,
U.S. ATTORNEY OFFICE, U.S. DISTRICT
COURT SOUTHERN DISTRICT OFFLORIDA,
FLORIDA FIELD OFFICE DIRECTOR, E0R/DHS,
ICE HEADQUARTER CASE MANAGEMENT UNIT, US DHS,
OFFICE AND WARDEN OF IMMIGRATION DETENTION FACILITY,

    Respondents.
_____/

## DECLARATION OF DEPORTATION OFFICER ALDO MARTIN

I, Aldo Martin, make the following statements under oath and subject to the penalty of perjury:

1. I am employed by U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and currently serve as a Deportation Officer at the Krome Service Processing Center ("Krome"). I am assigned to detained case management. I have held this position since January 21, 2018.

2. Detained aliens who are in exclusion, deportation, or removal proceedings under the Immigration and Nationality Act are detained at Service Processing Centers or other detention locations under the authority of ICE, as are aliens who are pending appeal results from the Board of Immigration Appeals; or aliens with administrative final orders of removal who are being processed for removal to their native countries.

3. I am aware of the case of Naseer Akram Eadaan, a/k/a George Phillip Arthur ("Petitioner"), Axxx-xxx-821, based upon my personal knowledge and review of Petitioner's administrative file, as well as the information contained in ERO's electronic detained case management system. In addition, on July 31, 2019, I testified at an evidentiary hearing in the habeas case that Petitioner filed in the United States District Court for the Middle District of Georgia, styled *George Phillip Arthur, Petitioner, v. Jefferson Beauregard Sessions, III, Attorney General of the United States*, Case No. 4:18-CV-113-CDL-MSH.

4. The Petitioner[1], is a native and citizen of Iraq. On or about January 9, 2017, Petitioner illegally entered the United States at Isabela, Puerto Rico, which is not designated as a port of entry. Officers of U.S. Customs and Border Protection responded to a reported maritime smuggling operation and encountered Petitioner, along with 17 other undocumented aliens. Petitioner was then transported to the Ramey Border Patrol Station, where he admitted having illegally entered the United States by sea. As a result, Petitioner was detained and processed for expedited removal under 8 U.S.C. §1225(b)(1) as an inadmissible arriving alien. On January 10, 2017, Petitioner was served with Form M-444, Information about Credible Fear Interview, which explained his rights and the procedures for the credible fear of persecution interview.

5. On or about January 19, 2017, Petitioner was transferred to Krome. Because Petitioner expressed a fear of return to Iraq, he was referred to an asylum officer for a credible fear interview. On January 26-27, 2017, the asylum officer interviewed Petitioner. On February 2, 2017, the asylum officer determined that Petitioner had not

---

[1] Petitioner has used multiple aliases, and refused to give officials of U.S. Customs and Border Protection a complete name. He is listed on the Record of Deportable Alien, Form I-213, as George (Unknown Last Name).

established a credible fear of persecution, referred Petitioner to an Immigration Judge to review the officer's determination and ordered Petitioner removed pursuant to 8 U.S.C. § 1225(b)(1).

6. Petitioner requested that an Immigration Judge review the asylum officer's negative credible fear determination, and on February 7, 2017, the Immigration Judge affirmed the negative credible fear determination and returned the case to DHS. Petitioner is subject to a final order of removal.

7. Following the Immigration Judge's affirmance of the negative credible fear determination, ICE began to process Petitioner's case for removal to Iraq. Petitioner's scheduled June, 2017 removal was canceled following issuance of an injunction by the District Court in the Eastern District of Michigan in *Hamama v. Adducci*, No. 17-cv-11910, 261 F.Supp.3d 820 (E.D. Mich. July 24, 2017). On November 1, 2017, Respondents filed a motion to lift the injunction as to Petitioner, and to exclude him from the putative class, inasmuch as he is subject to an administratively final expedited removal order. On September 5, 2018, the court entered a stipulated order lifting the preliminary injunction in *Hamama* as to Petitioner.

8. On or about September 5, 2017, Petitioner filed a Petition in the U.S. District Court for the Southern District of Florida, challenging his continued detention by ICE pending removal. Petitioner's attorney withdrew this habeas petition without prejudice and the court entered an order dismissing the habeas on February 5, 2018.

9. In January 2018, Petitioner filed an emergency motion to reopen and request for stay of removal with the Immigration Judge. On January 23, 2018, the Immigration Court rejected Petitioner's motion to reopen because motions are not permitted to be filed in Credible Fear Review cases.

10. In June 2018, Petitioner filed a new habeas petition in the District Court

for the Middle District of Georgia, Columbus Division, styled *George Phillip Arthur, Petitioner, v. Jefferson Beauregard Sessions, III, Attorney General of the United States*, Case No. 4:18-CV-113-CDL-MSH. I testified in the Evidentiary Hearing in that case on July 31, 2019. In August 2019, the Magistrate Judge recommended dismissal and in September, 2019, the District Judge in the Middle District of Georgia dismissed Petitioner's habeas petition.

11. ICE continually made efforts to obtain Petitioner's true identity. ICE received information and evidence from third party government agencies that corroborated Petitioner's true identity. On June 1, 2020, I interviewed Petitioner and confronted him with this evidence. Petitioner finally admitted his true name and date of birth for the first time during this interview. He provided his name as Naseer Akram Eadaan, and his date of birth as November 5, 1977. He also admitted to using a fake accent to hide his Iraqi nationality. The Iraqi Embassy interviewed Petitioner on June 4, 2020 and confirmed his identity. Petitioner then cooperated in completing the application for a travel document. ICE received a valid travel document for Petitioner on June 22, 2020. The travel document was valid for six months. ICE began scheduling Petitioner for a removal flight to Iraq. Due to COVID 19, flights into Iraq were temporarily unavailable. A new travel document was issued for Petitioner in December 2020. Petitioner is currently scheduled for a removal flight during the next three weeks.

12. In the meantime, ICE conducted custody reviews and Petitioner was served with a Decision to Continue Detention on November 15, 2017. After his repeated refusal to cooperate with ICE efforts to confirm his identity, Petitioner was served with a Failure to Comply letter on June 19, 2018. Petitioner was also served with Form I-229(a), Warning For Failure to Depart, advising him of his obligation to cooperate in removal efforts, in January, February, April and July 2019. When Petitioner admitted

his true identity and began to cooperate with removal efforts, custody reviews resumed. He was served with a Decision to Continue Detention letter on September 17, 2020.

13. I have reviewed Exhibits 3, 5 through 8, 19, and 26 through 33 and they are true and correct copies of the originals and authentic.

I declare under penalty of perjury that the foregoing is true and correct.

Dated January 22, 2021

Aldo Martin
Deportation Officer
DHS/ICE/ERO